**STATE OF MISSOURI, Plaintiff,**

v.

**CITY OF GLASGOW, Defendant.**

No. 95–4436–CV–C–SOW.

United States District Court,
W.D. Missouri,
Central Division.

Feb. 18, 1997.

William P. Cronan, II, Cronan & Robinson, Columbia, MO, for Plaintiff.

Kara L. Johnson, Missouri Attorney General's Office, Jefferson City, MO, for Defendant.

*ORDER*

SCOTT O. WRIGHT, Senior District Judge.

On July 1, 1996, this Court granted the State of Missouri's Motion for Summary Judgment but delayed entering judgment until the remedies could be briefed. Both parties filed briefs outlining the remedies. This Court had not ruled on the relief to be granted when the City of Glasgow filed a Motion for Reconsideration of the decision. The State of Missouri filed a Response.

*Background*

In the State of Missouri's Motion for Summary Judgment, the State claimed that it

was entitled to judgment as a matter of law because defendant discharged contaminates from a point source without a permit in violation of state and federal water pollution laws and defendant failed to pay any permit fees. Defendant asserted that the permit fees violated the Hancock Amendment to the Missouri Constitution. Relying on *City of Springfield v. Pub. Serv. Comm'n,* 812 S.W.2d 827 (Mo.App.1991) and *Missouri Mun. League v. State of Missouri,* No. CV193–1236 CC (Cir. Ct. Of Cole County, Missouri Oct. 31, 1995), this Court found that because defendant was not required by Missouri law to operate a water treatment plant, the Hancock Amendment was not violated.

Since that July 1, 1996, Order, the Missouri Supreme Court has overruled *City of Springfield* in *Missouri Mun. League v. State of Missouri,* 932 S.W.2d 400, 403 (Mo. 1996). In *Missouri Mun. League,* the Missouri Supreme Court held that § 640.100.4 RSMo Supp.1992, currently codified in § 640.100.3 RSMo Supp.1995, violated the state Hancock Amendment. In overruling *City of Springfield,* the Missouri Supreme Court abolished, for purposes of the Hancock Amendment, the distinction between governmental and proprietary or discretionary functions.

The State of Missouri argues that this Court's Order does not need to be reconsidered because § 640.100.3 RSMo is not the law at issue in this case and the Hancock Amendment provides no defense to violations of federal law.

## Discussion

Federal law requires a permit for the discharge of pollutants. 33 U.S.C.A. § 1342(a). The federal program for issuing permits is suspended if a state chooses to administer an approved state permit program. 33 U.S.C.A. § 1342(b).

Missouri has a federally approved permit program and is authorized to administer and enforce its permit program in lieu of the federal program. *See* § 644.051 RSMo. Beginning in 1990, Missouri's permit program required the state to collect permit fees. See § 644.052 RSMo. Federal law does not require the state to collect permit fees.

The permit fees are used by the Missouri Department of Natural Resources for compliance monitoring, inspections, enforcement actions, and to provide technical assistance to the regulated community. Prior to 1990, the state funded the administration of the permit program.

Both parties agree that the City of Glasgow was denied a permit because Glasgow failed to pay the permit fees. Defendant asserts that the permit fees violate the Hancock Amendment to the Missouri Constitution.

■ The Hancock Amendment was passed November 4, 1980. It is codified in article X, sections 16 through 24 of the Missouri Constitution. The parties agree that legislation will violate the Hancock Amendment, Article X, § 21 if four elements are present: (1) a reduction in state financing; (2) of an existing activity or service; (3) required by the state; (4) of counties or political subdivisions. The parties further agree that element three is the element most at issue.

■ Relying on *City of Springfield v. Pub. Serv. Comm'n,* 812 S.W.2d 827 (Mo. App.1991) and *Missouri Mun. League v. State of Missouri,* No. CV193–1236 CC (Cir. Ct. of Cole County, Missouri Oct. 31, 1995), this Court previously found that because defendant was not required by Missouri law to operate a water treatment plant, the Hancock Amendment was not violated. Since this Court's Order, the Missouri Supreme Court has overruled *City of Springfield* in *Missouri Mun. League v. State of Missouri,* 932 S.W.2d 400, 403 (Mo.1996). In *Missouri Mun. League,* the Missouri Supreme Court held that § 640.100.4 RSMo Supp. 1992, currently codified in § 640.100.3 RSMo Supp.1995, violated the state Hancock Amendment. In overruling *City of Springfield,* the Missouri Supreme Court abolished, for purposes of the Hancock Amendment, the distinction between governmental and proprietary or discretionary functions. The Missouri Supreme Court's recent ruling makes it irrelevant whether Missouri law requires Glasgow to operate a water treatment plant. The issue is whether Missouri law requires Glasgow to obtain a permit.

Federal and state law require a permit for the discharge of pollutants. *See* 33 U.S.C.A. § 1342(a) and § 644.051 RSMo. In 1980, when the Hancock Amendment was passed, the state funded the administration of the permit program. Under § 644.052 RSMo, enacted in 1990, these services are funded, at least in part, through permit fees. Persons with operating permits, including cities, are required to pay the permit fees. *See* § 644.052 RSMo and § 644.055 RSMo. The City of Glasgow is required by the state to obtain a permit, and there has been a reduction in state financing of this service which existed when the Hancock Amendment was passed. Accordingly, section 644.052, as applied to counties and political subdivisions of the state, violates the Hancock Amendment.

The State of Missouri argues that this Court's Order does not need to be reconsidered because § 640.100.3 RSMo is not the law at issue in this case. The State also asserts that the Hancock Amendment provides no defense to violations of federal law.

Section 640.100.3 RSMo requires public water suppliers to pay fees for laboratory services and program administration. On the date the Hancock Amendment became effective, the State provided water testing without charge to all public water suppliers. The issue in *Missouri Mun. League* was whether water testing was a required activity of a political subdivision. Abolishing the distinction between governmental and proprietary or discretionary functions, the Missouri Supreme Court found that water testing was a required activity of a political subdivision and that the Hancock Amendment was violated. Following this reasoning, section 644.052 violates the Hancock Amendment. The City of Glasgow is required by the State to obtain a permit, and there has been a reduction in state financing of this service, which existed when the Handock Amendment was passed.

The State next argues that the Hancock Amendment provides no defense to violations of federal law. Because the State of Missouri has chosen to operate a federally approved permit program, Glasgow is required to obtain a state permit to be in compliance with state and federal law. The City of Glasgow was denied a state permit because Glasgow failed to pay the permit fees. The State of Missouri, however, did not have authority to collect the permit fees. The City of Glasgow took all necessary actions to obtain a permit and, therefore, be in compliance with state and federal law. Glasgow should not be penalized because the State of Missouri failed to issue the permit.

*Conclusion*

For the reasons stated above, it is hereby

ORDERED that defendant's Motion for reconsideration (doc. # 27) is granted. It is further

ORDERED that this Court's Order dated July 1, 1996 (doc. # 20) is vacated. It is further

ORDERED that plaintiff's Motion for Summary Judgment (doc. # 17) is denied. It is further

ORDERED that defendant's Cross-Motion for Summary Judgment (doc. # 18) is granted. It is further

ORDERED that plaintiff issue a state operating permit to the City of Glasgow. It is further

ORDERED that plaintiff's Request for Relief (doc. # 21) is denied as moot.